NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABRAHAM TEITELBAUM, et al., | : | CIVIL ACTION NO. 14-6608 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MORTGAGE SERVICES III, LLC, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** brought this action in state court against the following defendants: (1) Mortgage Services III, LLC ("MSLLC"); (2) First State Bank ("FSB"); (3) Wells Fargo & Company, Wells Fargo Bank, N.A., and Wells Fargo Mortgage (collectively, "Wells Fargo Defendants"); and (4) fictitious entities. (See dkt. 1-1, Compl.) The plaintiffs allege that: (1) they "are engaged in the real estate, title search and abstracting business"; (2) the defendants, "acting individually or in concert, placed the names of Plaintiffs on a 'black list,' or list of persons and entities with whom business transactions were prohibited"; (3) the defendants "and others ceased doing business with Plaintiffs"; and (4) "[c]lients who needed to obtain title searches or real estate closing services were unable to utilize Plaintiffs' services." (Id. at 4.) The plaintiffs seek monetary damages in five counts:

(1) an untitled and undefined claim for "actual pecuniary losses" (id.);

(2) apparent claims for civil conspiracy and tortious interference with prospective economic advantage (see id. at 4–5 (defendants "combined, conspired and confederated together, one with another, and with each of them, and with all of them, to interfere with Plaintiff's [sic] economic advantage"));

(3) claims concerning "restraint of trade, in convention of 15 U.S.C.A. § 1 et seq., N.J.S.A. 56:9-3 et seq., other statutory provisions, and the common law" (id. at 5);

(4) violations of undefined New Jersey regulations (see id. at 6 (defendants seek "to disqualify Plaintiffs from transacting business [by] impos[ing] additional requirements, beyond those lawfully established by the State, and which are pre-empted by the regulatory provisions of this jurisdiction")); and

(5) apparent claims for false light and defamation (see id. (defendants "intended falsely and maliciously to disparage and defame the competence, integrity, business knowledge and ability of Plaintiffs", and "intended to create the false impression that Plaintiffs were incompetent, lacking in integrity or business knowledge, and deficient in their business ability")).

**THE ACTION** was removed to federal court under 28 U.S.C. § 1331. (See dkt. 1, Notice of Removal.) Removal was premised solely on the portion of the allegation concerning violations of "15 U.S.C.A. § 1 et seq." (Id. at 2–3.)

**THE DEFENDANTS** now separately move for, inter alia, a more definite statement, arguing that the complaint — as currently drafted — is vague and fails to

2

allege that any defendant engaged in any particular conduct.  (See dkt. 8, Wells Fargo Defs. Mot.; dkt. 9, MSLLC Mot.; dkt. 10, FSB Mot.; dkt. 13, MSLLC Reply Br.; dkt. 14, FSB Reply Br.)

**THE PLAINTIFFS** argue in opposition that a specifically-named broker and a specifically-named attorney told the plaintiff Abraham Teitelbaum that the plaintiffs could no longer be hired for certain transactions, because the plaintiffs "appeared on a 'blacklist' of prohibited providers."  (Dkt. 11-1, Teitelbaum Decl. at 2.)  The plaintiffs have provided as an exhibit to the opposition the list ("List"), which: (1) was issued by MSLLC, and identifies MSLLC as being a subsidiary of FSB; and (2) states that there were to be "[n]o exceptions" for the providers listed thereon.  (See dkt. 11-1 at 4–17.)

**THE COURT** will address the separate motions without oral argument.  See L.Civ.R. 78.1(b).  In the interests of justice, the Court intends to: (1) grant the parts of the separate motions seeking a more definite statement; and (2) deny the parts of the separate motions seeking other relief.

**THE COURT** agrees with the defendants that the plaintiffs have failed to allege sufficient facts in the complaint to put the defendants on fair notice of what the claims are and the grounds upon which they rest.  The plaintiffs have failed to abide by the Federal Rules of Civil Procedure and the Local Civil Rules pertaining to the proper manner in which to articulate a claim.  See, e.g., Fed.R.Civ.P. 8(a), 8(d), 10(a)–(c).

**BUT THE COURT** will grant the plaintiffs an opportunity to remedy this failure.  Therefore, the plaintiffs must file an amended complaint that:

(1) states the principal business address of each plaintiff;

(2) states the manner in which the plaintiffs are connected;[1]

(3) correctly alleges the name of each defendant;[2]

(4) does not list any fictitious defendants in the caption;

(5) alleges specific prohibited conduct in which each defendant engaged;

(6) states causes of action in separate counts;[3]

(7) states each cause of cause of action that is based upon the violation of a specific statute or a specific regulation separately;[4]

(8) states the basis for personal jurisdiction over each defendant; and

(9) includes the List as an exhibit.

---

[1] The plaintiffs may be placing an undue burden on the judiciary and the Clerk of the Court by seeking relief under one docket number. See Fed.R.Civ.P. 21 (stating that "on just terms," the "court may . . . sever any claim against a party").

[2] It is not clear whether the plaintiffs intended to name FSB as a separate defendant.

[3] The plaintiffs appear to assert a claim for civil conspiracy and a claim for tortious interference with prospective economic advantage in one count, rather than in separate counts. The plaintiffs also appear to assert a claim for false light and a claim for defamation in one count, rather than in separate counts.

[4] The plaintiffs must assert any claims that are based on the violations of specific federal statutes in one count, and must assert any claims that are based on the violations of specific state statutes in another count. Furthermore, the plaintiff must provide more specific allegations concerning violations of "other statutory provisions, and the common law" in a separate count, because those allegations are impermissibly amorphous and open-ended. In addition, the plaintiff must allege the specific "regulatory provisions of this jurisdiction" that they believe are at issue.

**THE COURT** reminds the plaintiffs that the allegation concerning "restraint of trade, in convention of 15 U.S.C.A. § 1 et seq.," was the sole basis for the removal of the action to federal court.  If the plaintiffs withdraw that allegation with prejudice, then the Court may: (1) lack subject-matter jurisdiction; and (2) remand the action to state court.

**ASSUMING** that the plaintiffs wish to proceed in federal court, the Court will dismiss all of the claims and terminate the entire action if the plaintiffs fail to file an amended complaint in the manner set forth above by June 24, 2015.  If the plaintiffs indeed file an amended complaint, then the defendants may move again for dispositive relief concerning the claims asserted against them in that amended complaint if still appropriate.

**THE PLAINTIFFS** will file an amended complaint without moving before the Magistrate Judge for leave to do so.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  June 3, 2015